*Original*

# FILED

**MAY - 8 2008**

**Clerk, U.S. District and Bankruptcy Courts**

## United States District Court
## for the District of Columbia
## judicial district

In re, Glenn M. Prentice, Sui-Juris
Citizen in the United States
Christian-Name,
a.k.a. GLENN M. PRENTICE
      Petitioner,

      vs.

THE UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT ON MICHIGAN
SOUTHERN DIVISION
THE BANK OF NEW YORK TRUST
COMPANY, NA. et al.,
George W. Bush, President of the United States,
Paul Clement is the Solicitor for the United States,
Paul Clement is being sued in his official capacity
Michael B. Mukasey the United States Attorney
General in his official capacity
      Joinder of Respondents

_____/

Glenn Prentice Sui-Juris
Citizen in the United States
c/o 37655 Palmar
Clinton Township, Michigan 48036
(586) 770-9586
      Petitioner,

Civil Case No:

Case: 1:08-cv-00804
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/8/2008
Description: Habeas Corpus/2255

Related Case

Glenn Prentice v. THE BANK OF
NEW YORK TRUST COMPANY,
NA, et al.,
No. 2:08-cv-10610-MOB-DDP
In the United States District Court
Eastern District of Michigan
Southern District

**ORAL ARGUMENT**
**REQUESTED**

---

# PETITION APPLICATION COMPLAINT FOR WRIT OF
# HABEAS CORPUS – *HABETO TIBI REES TUAS*.

    In civil Law. Have or take thy property to thyself, in accordance with Article III § 2, clause 1 of the Constitution of the United States and herein incorporate relief pursuant to Article I Declaration of Rights to writ of habeas corpus pursuant to "Great Writ Act" Article 1 § 9, clause 2 of the United States Constitution and herein incorporate 28 U.S.C. § 2241.The District Court has jurisdiction to hear petitioners' habeas challenges under 28 U.S.C. § 2241, which authorizes district courts, "within their respective jurisdictions," to entertain habeas applications by persons claiming property and property being held "in custody in violation of the . . . laws . . . of the United States," §§ 2241(a), Acts of the Congress of the United States

and incorporate 28 U.S.C. § 2246 allowing the taking of Evidence in Habeas Proceedings as remedies in Federal courts.

## QUESTIONS PRESENTED

**I.** Whether the United States District Court for the Eastern District of Michigan, Southern Division and The Bank of New York Trust Company, NA. violated petitioner's Fifth and Fourteenth Amendments to the Constitution of the United States ?

Petitioner say's Yes

**II.** Whether the United States District Court for the Eastern District of Michigan, Southern Division and The Bank of New York Trust Company, NA. violated petitioner's Right's, Privileges and Immunities under the land-patent, land-grant, Certificate No. 1593 when the court dismissed petitioner's complaint in the United States District Court for the Eastern District of Michigan, Southern Division?

Petitioner says Yes

Now comes Petitioner, Glenn M. Prentice, Private Citizen, hereinafter Petitioner, in protestation and objection of the restraint of his personal liberties and property as a freeman in the United States under a foreign Judgment of the State of Michigan, in the State of Michigan 16th Judicial Circuit Court, Macomb County, Michigan state, in the United States of North America. See attached ORDER of the State of Michigan 16th Judicial Circuit Court. **EXHIBIT**

This is related to the cause of action filed in the United States District Court for the Eastern District of Michigan Southern Division and after the Defendants filed a Motion to Dismiss for Lack of Jurisdiction filed and Amended Complaint.

This Amended Complaint was filed with Motion for leave of the court, with Brief In Support to correct to the defendants argument violation of the Rooker-Feldman Doctrine, the court denied this amended complaint.

The plaintiff filed his second amended complaint alleging a violation of several Acts of the Congress of the United States, with the principle jurisdiction violation of the land-patent, patent infringement, with his Motion in Reply to the Court's Dismissal of his First Amended Complaint.

That on the 17th of April, 2008 the court issued an ORDER Denying Plaintiff's Motion for

Reconsideration that he court turned his reply into instead of a Motion for leave to establish jurisdiction under patent infringement citing several Acts of the Congress of the United States to establish the original jurisdiction of the district court.

Plaintiff files this Application, Complaint, Petition for **Writ of Habeas Corpus *HABETO TIBI REES TUAS*** alleging his property Rights, Immunities and Privileges were violated under the land-patent with his due-process and equal protection Rights pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

**In civil Law. Have or take thy property to thyself. in accordance with Article III § 2, clause 1 of the Constitution of the United States and herein incorporate relief pursuant to Article I Declaration of Rights to writ of habeas corpus pursuant to "Great Writ Act" Article 1 § 9, clause 2 of the United States Constitution and herein incorporate 28 U.S.C. § 2241.The District Court has jurisdiction to hear petitioners' habeas challenges under 28 U.S.C. § 2241, which authorizes district courts, "within their respective jurisdictions," to entertain habeas applications by persons claiming property and property being held "in custody in violation of the ... laws ... of the United States," §§ 2241(a), and incorporate 28 U.S.C. § 2246 allowing the taking of Evidence in Habeas Proceedings as remedies in Federal courts.**Petitioner alleges that the judgment out of the State of Michigan 16th Judicial Circuit Court is a foreign judgment to invoke *28 U.S. § 2241*, the judgment is statutory and not under the laws of the United States.

George W. Bush is the president of the United States. The President of the United States is located at 1600 Pennsylvania Avenue N.W. Washington, D.C. 20600 to invoke *22 U.S.C. § 1732.*

A. The President of the United States has the power pursuant to **22 U.S.C. § 1732.**

**22 U.S.C. § 1732. Release of citizens imprisoned by foreign governments.**

Wherever it is made known to the President of the United States that any citizen of the United States has been unjustly deprived of his liberty by and or under the authority of any foreign government, it shall be the duty of the President forthwith to demand of that government the reasons of such imprisonment; and if it appears to be wrongful and in violation of the rights of American citizenship, the President shall forthwith demand the release of such citizen, and if the release so demanded is unreasonably delayed or refused, the President shall use such means, not amounting to acts of war, as he may think necessary and proper to obtain or effectuate the release; and all the facts

and proceedings relative thereto shall as soon s practicable be communicated by the President to Congress. (R. S. § 2001.)

# HISTORY OF THIS CASE

In late July 2007, plaintiff's ex-mother in-law was dropping off my two youngest sons and asked me what my plans were. Having no clue what she was talking about , I pushed the issue.

She said that my home had been auction off and that the redemption period has passed.

That shortly there after I met with an attorney, Douglas A Mc. Kinney, and Mr. Mc Kinney Filed a NOTICE OF LIS PENDENS.

The State of Michigan 16th Judicial Circuit Court heard the matter and ruled against my claim.

Mr. McKinney filed a motion for rehearing and that was denied.  See copy of judges order, despite the numerous suggestions and overwhelming evidence that the wrong individual, the Sheriff, did not follow the requirement of personal service of foreclosure action.

Plaintiff filed an action in the United States District Court Eastern District of Michigan, Southern Division alleging a Civil Rights Violation pursuant to *42 U.S.C. § 1983.* See attached copy of Civil complaint with attachments attached in support at *EXHIBIT -*

Defendants Attorney filed a Motion to Dismiss on behalf of all the named Defendants, citing as a defense the Rooker-Feldman Doctrine and several attachment were exhibited in support of the Motion to Dismiss. See attached copy of Defendants Motion to Dismiss at *EXHIBIT*

Plaintiff having considered the Defendants arguments filed his First Amended Complaint to correct the defects with his Motion for Leave of the Court, and Brief In Support after the Defendants filed their Motion to Dismiss. See copy of First Amended Complaint and Motion for leave of the Court, with Brief In Support attached in support at *EXHIBIT -*

The court denied the plaintiff's complaint and entered judgement for Defendants on April 4, 2008.

Plaintiff filed his Reply to the court's Dismissal of his First Amended Complaint, with Brief in support and filed his Second Amended Complaint to establish the court's original jurisdiction pursuant to *28 U.S.C. § 1338* patent infringement, the land-patent, land-grant citing several Acts of the Congress of the United States, and *28 U.S.C. § 1331 and 28 U.S.C. §1343*.

That as stated above the United Stated District Court Eastern District of Michigan Southern Division issued an ORDER denying Plaintiff's Motion for Reconsideration.

The courts in the past have ruled before a writ of habeas corpus can be considered by the court, the party complaining of the injustice must first seek a remedy in the courts on appeal. Plaintiff has tried several attempts in the United States District Court Eastern District of Michigan, Southern District to do so, and the court has denied Plaintiff his remedy pursuant to the laws and Acts of eh Congress of the United States.

Plaintiff has no other alternative but to petition this Article III court of the United States at the seat of government of the United States for relief, in this United States District Court for the District of Columbia.

The president of the United States is named because of *22 U.S.C. § 1732*, petitioner alleging he is being deprived of his property which is a liberty and right of ownership to have and hold in good faith.

The united States District Court Eastern District of Michigan, Southern Division is named because the court would not grant plaintiff his relief requested under the Laws and the Constitution of the United States. The Second Amended Complaint alleging the land-patent violation infringement to establish the court's original jurisdiction.

The Bank of New York Trust Company, NA. et, al., is name as a Respondent because of the alleged violations of the laws and the Constitution of the United Sates that occurred on soil of the United States and the State of Michigan 16th Judicial Circuit Court, Macomb county, Michigan, in the United States and the ORDER out of the State of Michigan 16th Judicial Circuit Court which is non-judicial because the State of Michigan is non-judicial.

Michael B. Mukasey, attorney general of the United States is named and made a party of this action because statutes of the State of Michigan are drawn into controlling question of law, that are controlling in the outcome of this action and the Remedy at law under the laws and the Constitution of the United States of America. Intervenor United States Attorney General, MICHAEL B. MUKASEY a.k.a. Michael B. Mukasey, Chief prosecuting Attorney General for the United States of America, is Intervenor-Plaintiff. When this judicial challenge is before this court, the seat of government for the United-States, the united-States attorney general, as Chief prosecuting attorney

located at 950 Pennsylvania Ave. N.W. Suite 4706 Washington, D.C. 20530.

Plaintiff moves the Department of Justice is named pursuant to Fed. R. Civ. P. 4 when the United States/ government of the United States is named as a party to this civil cause of action. United States Department of Justice, is a party to this action, as counsel for its Citizens. It represents them in enforcing the law (Treaty Law) in the public interest, the sovereign United States, and protection against criminals and subversion. The United States Department of Justice is located at Tenth Street and Constitutional Avenue Northwest, Washington, District of Columbia. Intervenor - Plaintiff, United States Department of Justice, is a party to this action, as counsel for its Citizens. It represents them in enforcing the law (Treaty Law) in the public interest, the sovereign Michigan state, and protection against criminals and subversion, by the named defendants action in the STATE OF MICHIGAN as a Foreign State, its Political subdivision, particularly the State of Michigan In The 16th Judicial Circuit Court. The named agents, officers, employees and individuals acting under the color and authority of the STATE OF MICHIGAN, in Michigan, in the United States.

A. The United States Department of Justice, is a party to this action, as counsel for its Citizens. It represents them in enforcing the law (Treaty Law in this particular case, the federal Land Patent and the issue of federal title law) in the public interest, the sovereign United States, and protection against criminals and subversion. The United States Department of Justice is located at Tenth Street and Constitutional Avenue Northwest, Washington, District of Columbia, is named pursuant to Fed. Rules of Civil Procedure Rule 24 to answer the plaintiff's Motion for Joinder and Intervention to act within 60 days of service of the complaint and Motion for Joinder and Intervention and the evidence in support of this action. If the Government declines to intervene within 60 days of notice GLENN PRENTICE a/k/a Glenn Prentice, Citizen in the United States has the exclusive right to conduct this action in the name of the government of the United States, with fees under the Equal Access to Justice Act, and civil penalty, treble damages pursuant to the Consumer Protection Act and Truth in Lending Act.

B. Holding to these principles of law **by the "fundamental principle of our representative democracy . . . `that the people should choose whom they please to govern them,'" Powell, 395 U.S. at 547.** If the federal Intervenors decline to intervene, the plaintiff has the right to prosecute this cause of action. Whereas this is the case under the executive privileges of the president of the United States/ The President of the United States of America as the authority to appoint GLENN PRENTICE a/k/a Glenn Prentice as independent prosecution attorney under executive powers of the war powers of the President of the United States because of the Declaration of War and the State of War the excess at the time of this violation

against the sovereign United States and the Treasury of the United States.

C. If the Government declines to intervene within 60 days of notice of this action by GLENN PRENTICE a/k/a Glenn Prentice as an America Citizen in the United States and has the exclusive right to conduct this action in the name of the government of the unite States.

F. Plaintiff, moves pursuant:

Section 1343 provides: Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

Section 371 provides: If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, (in this case the taking of the private property under the federal Land Patent, federal title law that is superior to the statutes of the State of Michigan) or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. [See **Ford vs. United States, 273 U.S. 593 (1927).**]

The Department of the Interior, 1849 C. Street NW., Washington, District of Columbia 20240, Secretary of the Interior, Bureau of Land Management general-Land-Office because of the Land grant (**Land-Patent**) on file with the Register of Deed, Macomb county, Michigan state. The private property at c/o 37655 Palmar, Clinton Township, Michigan state under Land-Patent Certificate No. 1593 first recorded in the land Office at Detroit, Michigan State.

This Land-Patent was brought forward and filed with the Bureau of Land Management, Eastern States,7450 Boston Blvd, Springfield, Virginia- - 22153 as Glenn M. Prentice and recorded 02/24/2003 Macomb County, Michigan Register of Deeds. Herein referred to as a federal deed under federal title law. That a **Declaration of the Land-Patent** was filed by Glenn Prentice. Patent and grant **1593 {Certificate No. 1593** as signed by John Quincy Adams, PRESIDENT OF THE UNITED-STATES OF AMERICA, having caused these Letters to be made patent; and the seal of the Bureau of Land Management general-Land-Office of the United States Department of the Interior to be hereto given by his hand the first-day, of February, 1826, in the year of our Lord, and of the

Independence of the United-States.

That in the cases of the legal-title the patent (***Certification No. 1593***) vests of the legal-title (Deed of the government of the United States)in the patent and is conclusive evidence of the Title; ***Gilson vs. Chouteau, 80 U.S. 92, 20 l.ed. 534***; and that state's-act's cannot take away grantees right of the private-property of the land-patent conclusive evidence of the right's, state-statutes of the limitations' is no bar of the action over the land-adverse-possession-doctrine of the relation. A Municipal-Corporation is not such a sovereign; citizen in the party with the power as of the claim of the immunity from the statute of the limitations; ***Clements vs. Anderson, 46 Miss. 581; Evans vs. Erie Co., 66 pa. St. 222; St Charles co. vs. Powell, 22 Mo. 525.***

This patent (***Certificate No. 1593***) for land is the highest evidence of title and is conclusive as against the government; and all claiming under the junior-patents or titles, until set aside or annulled, unless it is absolutely void on it's face; ***U.S. vs. Stone, 2 wall. ( U.S.) 525, 17 L.Ed. 765; Warren vs. Van Brunt, 19 Wall. ( U.S. ) 646, 22 L.Ed. 219; St. Louis Smelting & Ref. Co., vs. Kemp, 104 U.S. 636, 26 L.Ed. 875,*** the presumption being that it is valid and passed the title, ***Minter vs. Crommelin, 18 How. ( U.S. ) 87 , 15 L.Ed. 279.*** When issued upon confirmation of a claim or a previously-existing-title, it is documentary evidence, having the dignity of a record of the existence of that title or of such equities respecting the claim as justified by its recognition and confirmation, ***Wright vs. Roseberry, 121 U.S. 488, 7 Sup. Ct. 985, 30 L. 1039;*** it must be interpreted as a whole its various provisions in connection with each other and the legal deduction drawn therefrom must be conformable with the document, ***Brown vs. Huger, 21 How. ( U.S. ) 328, 8, L. Ed. 415.***

That with the land-patent, the patent-holder (assignee private-property) is immune from collateral-attack, ***Collins vs. Bartlett, 44 Cal. 371; Webber vs. Pere Marquette Broom Co., 62 Mich. 626; 20 N.W. 469; Surget vs. Doe, 24 Miss. 118; Green vs. Barker, 47 neb. 934, 66 N.W. 1032.*** This particular Patent reaches beyond the actions of the special-tribunal of the foreign State of Michigan; and goes to the existence of a subject upon which it was competent to act, ***Steel vs. Smelting Co., 106 U.S. 447 (1882).***

These patent-holders' is a "sovereign", Citizen in the territory, of Michigan, state, as a Citizen of the United States, not belonging to a political-body-Corporation, not being employees

of the Federal or State-Governments. As a Citizen he is not subject to the Administrative-Laws of the STATE OF MICHIGAN, without boundaries in the Michigan-Constitution of 1963, or of the Administrative-Laws, Codes of 1969, or of the proceedings under the Title: 5: U.S.C.A. Codes: of the section 553. No amount of acquiescence or consent or approval of the doing of it by a Administrative-Officer can create a right to do things; which it is unauthorized or forbidden to do, **_Department of Insurance vs. Church Members Relief Assn. 217 Ind. 58; 2 C.N.E. 2d. 51, 128 A.L.R. 635. Nor can they be created by the courts in the proper exercise of their judicial-functions, Federal Trade Commission vs. Raladam Co., 283 U.S. 643, 75 L.Ed. 1324, 51 S.Ct. 587, 79 A.l.R. 1191._**

Under the Land-Patent as a federal grant the government of the sovereign united States, the United States attorney General, the United States Attorney(s) for the Eastern District of Michigan, the United States Marshals/marshals of the united States, The Department of the Interior, Bureau of Land Management, general-Land-Office have a Duty and obligation to defend the Plaintiff's Rights, Privileges and Immunities pursuant to the land-patent and therefore joinder for intervention is requested and prayed for in this matter now before this Article III district court of the united states in the eastern district of Michigan, southern division. See Land-Patent and Declaration of the Land-Patent as an attachment. **_See attachment complaint to the Department of Interior_**. NOTE THE UNITED STATE ATTORNEY DECLINED TO INTERVENE. See attached **_EXHIBIT -_**

Paul Clement is the Solicitor General for the United States is named because the president of the United States is named as a Respondent in this action. The Solicitor General of the United States of America is named because several Acts of the Congress of the United States/ The United State of America are drawn into question on grounds of validity and repugnant to the Constitution and treaty laws of the United States.

The Solicitor General has a regular place of business at the Department of Justice, 10th and Constitutional Ave. N.W. Washington in the city of Washington, in the District of Columbia, the seat of government of the United States.

These are the parties in this Application, Complaint, Petition for Writ of Habeas Corpus in this Article III court of the United States.

The government for the United States has a Duty and Obligation to protect the "Citizens"

living in sovereign Michigan state, under the Treaty of Ghent of 1814, and the Treaty with the Ottawa and Chippewa Nation of 1836. **United States of America vs. STATE OF MICHIGAN et., al., 471 Fed. Supp. 192 (1979)**. The STATE OF MICHIGAN as a Foreign State has no authority in areas governed by the treaty. **U.S.C.A. Const. Article 1, § 8, Clause 3.**

**WHEREFORE,** Glenn M. Prentice, Petitioner, Citizen in the United States moves this honorable Article III court in the United States District Court for the District of Columbia for application for Writ of Habeas Corpus through this *Praecipe*

**WHEREFORE,** Petitioner, Glenn M. Prentice moves through this PRAECIPE: **PRAECIPE** (writ of instruction to the clerk of courts) **TO THE CLERK Of United States District Court for the District of Columbia regarding petitioner's petition to the United States District Court for the District of Columbia, for the issuance of a Writ of Habeas *HABETO TIBI REES TUAS.***

Comes now **In re Glenn M. Prentice, Citizen in the United States "Special Visitation" in proper personam, Sui Juris** , by "Special Appearance", to **Notice the Clerk** that the petitioner, **Glenn M. Prentice, in proper personam, Sui Juris**, movers for Writ of Habeas Corpus *HABETO TIBI REES TUAS.*

## 1. PURPOSE OF A WRIT OF HABEAS CORPUS

Every person restrained of his liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when found illegal and the court is without personal, subject matter or territorial jurisdiction. The supreme Court has ruled that    "The 'Liberty' mentioned in that amendment[14th] means, not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood or a vocation; and for that purpose to enter into all contracts which may be proper, necessary, and essential to his carrying out to a successful conclusion the purposes above mentioned."[*Allgeyer v. State of Louisiana,* **165 US 578 (1897)**]

The petitioner **by "Special Visitation" In re Glenn M. Prentice in in proper personam, Sui Juris** , by "Special Appearance, proper-name, Notices the clerk of the  United States District

Court for the District of Columbia to take special notice of Article 1, § 9, clause 2 of the Constitution of the United States to wit: used in connection with habeas corpus, means the person (Citizen) on whose behalf the writ is issued, such as an inmate of a penal or mental institution,. . . **and other persons alleged to be restrained of their liberty."**

Clerk is further noticed of *Article 1, § 9, clause 2 of the Constitution of the United States* to wit: "An action for habeas corpus to inquire into the cause of detention may be brought by or on the behalf of **any person restrained of his liberty within this state under any pretense whatsoever,** except as specified in section 4310;" and incorporated *28 U.S.C. §§ 2241(a), and incorporate 28 U.S.C. § 2254 State custody; remedies in Federal courts.*

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice  in proper personam, Sui Juris** , by "Special Appearance, proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia*  to take special notice of the following description of the term LIBERTY, to wit:  The term "Liberty" means Freedom, exemption from extraneous control, the power of the will to follow the dictates of its unrestricted choice, and to direct the external acts of the individual without restraint, coercion, or control from other parties.  The term "Liberty" includes and comprehends all personal rights and their enjoyment.  The term "Liberty" includes but is not limited to freedom/right from duress, freedom/right from governmental interference in exercise of intellect, in information of opinions, in the expression of them, and in action or inaction dictated by judgment, the freedom/right from involuntary servitude, freedom/right from imprisonment or restraint without lawful Constitutional due process of law, the freedom/right in the use of all of one' s powers, faculties and ***property, freedom of contract, the freedom/right of travel***, the freedom/right of religion, the freedom/right of speech, the freedom/right of self-defense against unlawful violence, the freedom/right to acquire and enjoy property, the freedom/right to acquire knowledge, the freedom/right to carry on business, the freedom/right to enjoy to the fullest extent the privileges and immunities given or assured by law to the people living within the union of the United States of America, the freedom/right to demand the nature and cause of any allegation made against the citizen.  See also definition of Liberty in Black's Law Dictionary and cases cited.

## 2. ELEMENTS OF A HABEAS CORPUS PETITION

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice  in**

proper personam, **Sui Juris** , by "Special Appearance , proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of the this Application, Petition for a Writ of Habeas Corpus, Writ of Habeas Corpus Ad Subjiciendum, Notice of Hearing and Return of Writ of Habeas Corpus.

### 3. WHO SHALL HAVE POWER TO ISSUE A WRIT OF HABEAS CORPUS

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice   in proper personam, Sui Juris** , by "Special Appearance, proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of **Article 1 § 9, clause 2 of the United States Constitution** to wit: "The writ of habeas corpus to inquire into the cause of detention, or an order to show cause why the writ should not issue, may be issued by the following:

>       **(1) The supreme court, or a justice thereof.**
>
>       **(2) The court of appeals, or a judge thereof.**
>
>       **(3) The circuit courts, or a judge thereof**.
>
>       **(4) The district court of the United States.**

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice   in proper personam, Sui Juris** , by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of *Article 1, § 9, clause 2 of the Constitution for the United States* to wit: "Any court or judge empowered to grant the writ of habeas corpus shall, upon proper application, grant the preliminary writ (or an order to show cause) without delay, unless the party applying therefor is not entitled to the writ, **within 3 days pursuant to the Federal Rules of Civil Procedure Rule 81 after return of service of the application for Writ of Habeas Corpus.**

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice   in proper personam, Sui Juris** , by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of *Article 1 § 9, clause 2 of the Constitution of the United States* to wit: (1) In the circuit court the following fees shall be paid to the clerk of the court: (a) " . . .**except the writ of habeas corpus.**"

The petitioner Glenn M. Prentice(s) **"Special Visitation" In re Glenn M. Prentice in proper personam, Sui Juris**, by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of *Article 1 § 9, clause 2 of the Constitution of the United States* to wit: "Any judge who wilfully or corruptly refuses or neglects to consider an application, action, or motion for habeas corpus, is guilty of malfeasance in office."

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice in proper personam, Sui Juris**, by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of Article 1 § 9, clause 2 of the Constitution of the United States to wit: " Nothing in this chapter shall prevent the filing of or deprive any individual of the benefits of a writ of habeas corpus.

## 4. TO WHOM THE WRIT OF HABEAS CORPUS IS TO BE DELIVERED BY CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice in proper personam, Sui Juris**, by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of *Article 1 § 9, clause 2 of the Constitution of the United States* to wit: "If a writ of habeas corpus is issued, the person (in this matter Citizen Glenn M. Prentice the detainee) on whom it is served shall bring the body of the person in his custody according to the command of the writ, except as provided in section 4328.

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice in proper personam, Sui Juris**, by "Special Appearance, proper-name, further **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of *Article 1 § 0, clause 2 of the Constitution of the United States* to wit: "(1) If the person [respondent] upon whom the writ of habeas corpus was duly served refuses or neglects to obey the writ without sufficient excuse, the court or judge before whom the writ was to be answered, upon due proof of the service thereof, shall direct the arrest of such person."

### 5. DUTY AND OBLIGATION OF THE CLERK OF THE UNITED STATES

### DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice  in proper personam, Sui Juris** , by "Special Appearance, proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice of Article 1, § 9 of the Constitution for the United States of America and Article 1, § 12 of the Constitution of the Republic state of Michigan which provides:

> "The privilege of the writ of habeas corpus shall not be suspended
> unless in case of rebellion or invasion the public safety may require
> it".

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice   in proper personam, Sui Juris** , by "Special Appearance, proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia* clerk's mandatory Duty, pursuant to public law 1871, Chapter 22, Section 6, 17 Stat. 15, codified in 42 U.S.C. 1986, to wit:

> *"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action..."*

The petitioner Glenn M. Prentice **by "Special Visitation" In re Glenn M. Prentice   in proper personam, Sui Juris** , by "Special Appearance, proper-name, **Notices** the clerk of the *United States District Court for the District of Columbia* to take special notice that the petitioner's petition for a writ of habeas corpus makes the clerk of the *United States District Court for the District of Columbia* knowledgeable of the wrongs mentioned and unless it can be shown in writing by the clerk of the Supreme Court  that the conditions exist as prescribed by the Constitution for the united States of America and the Constitution for the Republic state of Michigan; that is, that due to a state of rebellion or invasion the writ of habeas corpus has been suspended, it is the duty and obligation of the clerk of the United States District Court for the District of Columbia to ISSUE the

**Writ of Habeas *HABETO TIBI REES TUAS*** without delay pursuant to *28 U.S.C. §§ 2241(a), and incorporate 28 U.S.C. § 2254 State custody; relating to the private property of Glenn Prentice in the action in the State of Michigan 16th Judicial Circuit Court, Macomb County, Michigan, petitioner moves for remedies in Federal courts.*

THEREFORE, Glenn M. Prentice respectfully request this court honor the ***Habendum clause*** of the land-patent an Act of the Congress of the United States. The object of the habendum clause is said to be, to set down again the name of the grantee, the estate that is to be made and limited, or the time that the grantee shall have in the thing granted or demised, and to what use, as the court in ***New York Indians v. United States, 170 U.S. 1 (1898)*** citing Third. While the granting clause is in the future tense, an agreement to set apart, the ***habendum*** clause is in the present tense:

To have and to hold the same in fee simple to the said tribes, or nations of Indians, by patent from the President of the United States, issued in conformity with the provisions of the third section of the act entitled "An act to provide for an exchange of lands with the Indians residing in any of the states or territories, and for their removal west of the Mississippi," approved on the 28th day of May, 1830, with full power and authority in the said Indians to divide said land among the different tribes, nations or bands, in severalty, with the right to sell and convey to and from each other.

"In this case, if the ***habendum clause*** were alone considered, there could be no doubt whatever that the Indians would take a present title to a fee simple. There is certainly no conflict between the granting and ***habendum clauses***. Admitting that the former, if standing alone, would engender a doubt as to when the grant should take effect, the habendum clause removes that doubt, and imports a present surrender of a defined tract. ***The addition of the words "by a patent from the President of the United States"*** is immaterial, since it refers [*170 U.S. 21*] and is intended to be construed in connection with the third section of the ***Act of May 28, 1830***, in which the issue of a patent is merely spoken of as an optional or preferential method of acquiring full title to the land."

The petitioner, plaintiff finds no mention of the ***habendum clause*** in the mortgage contract that is believed to be assigned to The New York Bank and Trust Company, NA. to this particular track of land that is described in the land-patent, land-grant ***Certified No. 1593*** signed by the President of the United States at the time the land-patent was granted by an Act of the Congress on the ***14th of April 1820*** before Michigan was admitted into the Union of the United States.

Date: _5 - 5  08_

Glenn M. Prentice Sui Juris, In Propria Persona,
c/o 37655 Palmar
Clinton Township, Michigan [48036]
(586) 770-9586
Petitioner Glenn M. Prentice by **"Special Visitation"**

ORiGiNAL

# United States District Court
# for the District of Columbia
# judicial district

In re, Glenn M. Prentice, Sui-Juris              Civil Case No:
Citizen in the United States
Christian-Name,
a.k.a. GLENN M. PRENTICE
        Petitioner,

        vs.

THE UNITED STATES DISTRICT COURT                 Related Case
for the EASTERN DISTRICT ON MICHIGAN
SOUTHERN DIVISION                                Glenn Prentice v. THE BANK OF
THE BANK OF NEW YORK TRUST                       NEW YORK TRUST COMPANY,
COMPANY, NA. et al.,                             NA, et al.,
George W. Bush, President of the United States,  No. 2:08-cv-10610-MOB-DDP
Paul Clement is the Solicitor for the United States,  In the United States District Court
Paul Clement is being sued in his official capacity   Eastern District of Michigan
Michael B. Mukasey the United States Attorney    Southern District
General in his official capacity
        Joinder of Respondents
_____/
Glenn Prentice Sui-Juris                         **ORAL ARGUMENT**
Citizen in the United States                     **REQUESTED**
c/o 37655 Palmar
Clinton Township, Michigan 48036
(586) 770-9586
        Petitioner,

---

## BRIEF IN SUPPORT
## PETITION APPLICATION COMPLAINT FOR WRIT OF
## HABEAS CORPUS  – *HABETO TIBI REES TUAS*.

        In civil Law. Have or take thy property to thyself, in accordance with Article III § 2,
clause 1 of the  Constitution of the United States and herein incorporate relief pursuant to
Article I Declaration of Rights to writ of habeas corpus pursuant to "Great Writ Act" Article
1 § 9, clause 2 of the United States Constitution and herein incorporate 28 U.S.C. § 2241.The
District Court has jurisdiction to hear petitioners' habeas challenges under 28 U.S.C. § 2241,

**FILED**

MAY – 8 2008

Clerk, U.S. District and
Bankruptcy Courts

which authorizes district courts, "within their respective jurisdictions," to entertain habeas applications by persons claiming property and property being held "in custody in violation of the . . . laws . . . of the United States," §§ 2241(a), Acts of the Congress of the United States and incorporate 28 U.S.C. § 2246 allowing the taking of Evidence in Habeas Proceedings as remedies in Federal courts.

---

Petitioner having come before this court argues by and through his Brief In Support argues and say's the following;

**I. Whether the United States District Court for the Eastern District of Michigan, Southern Division and The Bank of New York Trust Company, NA. violated petitioner's Fifth and Fourteenth Amendments to the Constitution of the United States ?**

**Petitioner say's Yes**

In the first action filed with the United States District Court Eastern District of Michigan Southern Division that his civil rights wer violation bringing the action under 42 U.S.C. § 1983 alleging several civil rights violation in his Ten Count Complaint.  See copy of complaint with attachments filed in the United States District Court Eastern District of Michigan Souther Division.

The original jurisdiction was invoked pursuant to *28 U.S.C. § 1331 to authorize federal court jurisdiction over some cases in which state law creates the cause of action but requires determination of an issue of federal law*.

To justify federal question jurisdiction; 28 U.S.C. § 1343 (3)(4), federal question jurisdiction of the federal title law under the Land patent issued by and through the Department of the Bureau of land Management and ; this cause of action is "especially" important in this "suit *involving rights to land acquired under a law of the United States* and the title passed by the Land Patent as a federal deed under federal title law.

Defendants filed a Motion to Dismiss as grounds citing a violation of the Rooker-Feldman Doctrine, this point was argued in the State of Michigan 16th Judicial Circuit Court and the action was barred by the federal court. See copy of Defendants motion with attachments at *Exhibit - B -*.

Plaintiff having given consideration to Defendants Motion to Dismiss filed his First Amended Complaint and Motion for Leave of the court with Brief In support after the Defendants answered and file their Motion to Dismiss. The court's response was to dismiss for lack of jurisdiction.

Plaintiff filed his reply and the court turned the Reply to a Motion for reconsideration with his Second Amended Complaint pursuant to an infringement of the land-patent. Citing the court in paragraph 2 of page 1 in part — "Moreover, a motion for reconsideration that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. The Court citing **Czajkowski v. Tindall & Assoc. P.C., 967 F. Supp. 951,952 (E.D. Mich. 1997)**.

This is clear to the plaintiff that the Court in error failed to consider the land-patent, patent infringement argument to establish the district courts original jurisdiction. As a matter of right the plaintiff has the Right of leave of the Court to establish jurisdiction in the district court.

The Fifth and Fourteenth Amendments to the Constitution of the United States are Act of the Congress of the United States. The Fourteenth Amendment, which, *inter alia*, guarantees that no State shall make or enforce any law depriving any person of "life, liberty, or property, without due process of law," or denying any person the "equal protection of the laws," § 1, and empowers Congress "to enforce" those guarantees by "appropriate legislation," § 5. This is in reference to the (Deputy) Sheriff's Sale, Foreclosure Mortgage Sale without personal Notice.

This action relates back to the action in the Sheriff's Sale, Mortgage Foreclosure Sale without notice citing

This policy was challenged pursuant to *"Strict Scrutiny" Is The Proper Standard of Review For an Equal Protection Challenge to The State of Michigan Policy of the enforcement of the foreclosure statutes of the State of Michigan MCL §600.3201 et. al., that are in conflict with the Constitution and Laws of the United States* of which have deprived me, Glenn Prentice, Citizen in the United States, of his personal property Rights, personal liberties in violation of his Fifth, Sixth, Eight and Fourteenth Amendment Right to the Constitution of the United States as the supreme law of the land In the 16th Judicial Circuit Court, Macomb, county, Michigan state.

Plaintiff further alleges that the district court in error did not in its determination weigh "the private interest that will be affected by the official action" against the Government's asserted interest, relating to the Sheriff's Sale under color of State of Michigan Statute private interest . . . affected by the official action," *ibid.*, is the most **elemental of liberty** ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary

governmental action").

**II. Whether the United States District Court for the Eastern District of Michigan, Southern Division and The Bank of New York Trust Company, NA. violated petitioner's Right's, Privileges and Immunities under the land-patent, land-grant, Certificate No. 1593 when the court dismissed petitioner's complaint in the United States District Court for the Eastern District of Michigan, Southern Division?**

**Petitioner says Yes**

The plaintiff file his second amended complaint alleging a violation of several Acts of the Congress of the United States, with the principle jurisdiction violation of the land-patent, patent infringement, with his Motion in Reply to the Court's Dismissal of his First Amended Complaint.

That on the17th of April, 2008 the court issued an ORDER Denying Plaintiff's Motion for Reconsideration that he court turned his reply into instead of a Motion for leave to establish jurisdiction under patent infringement citing several Acts of the Congress of the United States to establish the original jurisdiction of the district court. See attached EXHIBIT -

This Court jurisdiction pursuant to *28 U.S.C. § 1331* to authorize federal court jurisdiction over some cases in which state law creates the cause of action but requires determination of an issue of federal law, *28 U.S.C. § 1331* jurisdiction to cases in which federal law creates the cause of action pleaded on the face of the plaintiff's complaint; finding that federal question jurisdiction over a state law claim requires a parallel federal private right of action to justify federal question jurisdiction; *28 U.S.C. § 1343 (3)(4)*, federal question jurisdiction of the federal title law under the Land patent issued by and through the Department of the Bureau of land Management and ; this cause of action is "especially" important in this"suit *involving rights to land acquired under a law of the United States* and the title passed by the Land Patent as a federal deed under federal title law in fee simple.

This court's jurisdiction is invoke pursuant to *28 U.S.C. § 1338 (a)* "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks", patent infringement to justify federal jurisdiction and the constitutional question. *28 U.S.C. § 1331* "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

First argument is the validity of the land-patent and the ***Act of Congress of the 24th of April, 1820***, enacted "An act making further provision for the sale of Public Lands." As an Act of the Congress to invoke the Article III jurisdiction as a Case in controversy. A district court has original jurisdiction over a civil action only if it has original jurisdiction over each individual claim in the complaint.

This land-patent was originally issued as Patent and grant **1593 { Certificate No. 1593** as signed by John Quincy Adams, PRESIDENT OF THE UNITED-STATES OF AMERICA, having caused these Letters to be made patent; and the seal of the Bureau of Land Management general-Land-Office of the United States Department of the Interior to be hereto given by his hand the first-day, of February, 1826, in the year of our Lord, and of the Independence of the United-States.

The ***Habendum clause*** of the land-patent an Act of the Congress of the United States. The object of the habendum clause is said to be, to set down again the name of the grantee, the estate that is to be made and limited, or the time that the grantee shall have in the thing granted or demised, and to what use, as the court in *New York Indians v. United States, 170 U.S. 1 (1898)* citing Third. While the granting clause is in the future tense, an agreement to set apart, the ***habendum*** clause is in the present tense.

The wording in the Prentice land-patent is the same as that in the matter of the ***New York Indians v. United States, 170 U.S. 1 (1898),*** to have and to hold the same in fee simple to the said tribes, or nations of Indians, by patent from the President of the United States, issued in conformity with the provisions of the third section of the act entitled "An act to provide for an exchange of lands with the Indians residing in any of the states or territories, and for their removal west of the Mississippi," approved on the 28th day of May, 1830, with full power and authority in the said Indians to divide said land among the different tribes, nations or bands, in severalty, with the right to sell and convey to and from each other.

The court "In this case, if the ***habendum clause*** were alone considered, there could be no doubt whatever that the Indians would take a present title to a fee simple. There is certainly no conflict between the granting and ***habendum clauses***. Admitting that the former, if standing alone, would engender a doubt as to when the grant should take effect, the habendum clause removes that doubt, and imports a present surrender of a defined tract. ***The addition of the words "by a patent***

Page 5 of 24

*from the President of the United States"* is immaterial, since it refers [*170 U.S. 21*] and is intended to be construed in connection with the third section of the *Act of May 28, 1830*, in which the issue of a patent is merely spoken of as an optional or preferential method of acquiring full title to the land."

That as patent-holder; the patent is passed by the title of the rights; of the bonafide purchaser by John Miller, with all protections as set-forth; **United-States vs. Debell**, ( 1915) Cab. Sd. 227 **F. 760: United-States vs. Beaman,** 1917, Cas. Colo. 242 **F. 876, of the Title: 43: U.S.C.A.: of the section: 15;** in the Certification as attached a true-copy of the official-records on file in this office of the Bureau of Land-Management-Eastern-States; 7450 Boston-Boulevard; Springfield; Virginia; [22153], as dated; February 11, 2003.

The petitioner, plaintiff finds no mention of the *habendum clause* in the mortgage contract that is believed to be assigned to The New York Bank and Trust Company, NA. to this particular track of land that is described in the land-patent, land-grant *Certified No. 1593* signed by the President of the United States at the time the land-patent was granted by an Act of the Congress on the *14th of April 1820* before Michigan was admitted into the Union of the United States.

That in the cases of the ejectment, where the question is, who has the legal title, the Federal-Court has Jurisdiction. The foreign - **STATE OF THE MICHIGAN**, as a **"citizen of another State"**, through Administrative-Courts are without the authority to act. STATE OF MICHIGAN-COURTS are not courts of the records or courts of the United States. See **Howlett vs. Rose, 496 U.S. 356 (1990).** The judge's and attorneys are member's of the Corporate-body-policy; acting in the name of the STATE OF MICHIGAN. Actions are taken in the name of the defacto-government but only have proprietary-functions; performed in the name of the government.

That in the cases of the legal-title the patent (Certification No. 1593) vests of the legal-title (Deed of the government of the United States)in the patent and is conclusive evidence of the Title; **Gilson vs. Chouteau, 80 U.S. 92, 20 l.ed. 534**; and that state's-act's cannot take away grantees right of the private-property of the land-patent conclusive evidence of the right's, state-statutes of the limitations' is no bar of the action over the land-adverse-possession-doctrine of the relation. A Municipal-Corporation is not such a sovereign; citizen in the party with the power as of the claim of the immunity from the statute of the limitations; **Clements vs. Anderson, 46 Miss. 581;**

Evans vs. Erie Co., 66 pa. St. 222; St Charles co. vs. Powell, 22 Mo. 525.

This patent (Certificate No. 1593) for land is the highest evidence of title and is conclusive as against the government; and all claiming under the junior-patents or titles, until set aside or annulled, unless it is absolutely void on it's face; U.S. vs. Stone, 2 wall. ( U.S.) 525, 17 L.Ed. 765; Warren vs. Van Brunt, 19 Wall. ( U.S. ) 646, 22 L.Ed. 219; St. Louis Smelting & Ref. Co., vs. Kemp, 104 U.S. 636, 26 L.Ed. 875, the presumption being that it is valid and passed the title, Minter vs. Crommelin, 18 How. ( U.S. ) 87 , 15 L.Ed. 279. When issued upon confirmation of a claim or a previously-existing-title, it is documentary evidence, having the dignity of a record of the existence of that title or of such equities respecting the claim as justified by its recognition and confirmation, Wright vs. Roseberry, 121 U.S. 488, 7 Sup. Ct. 985, 30 L. 1039; it must be interpreted as a whole its various provisions in connection with each other and the legal deduction drawn therefrom must be conformable with the document, Brown vs. Huger, 21 How. (U.S.) 328, 8, L. Ed. 415.        The patent is conclusive-evidence that the patentee has complied with the act of **congress** as concerns improvements on the land, etc, Jenkins vs. Gibson, 3 La. Ann. 203; it is prima-facie evidence that all legal requirements have been complied with, Northern Pac. R. Co. vs. Cannon, 54 Fed. 252, 4 C.C. A. 303, 7 U.S. App. 507, but a patent fraudulently obtained by illegal issue is void; McGill vs. McGill, 4. La. Ann. 262; Stoddard vs. Chambers, 2 how. ( U.S. ) 284, 11 .Ed. 269; Boring's Lessee vs. Lem - mon, 5 Har. &. J. ( Md.) 223.

The land described was the property of the Independence of the United-States and under

Article of the 4: of the section: 3, cl. 2, of the constitution of the United States 1791, as amended, under the Constitution for the United States of America, provides that the congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United-States. The power over the public land thus entrusted to Congress is without limitations. It is not for the courts to say how that trust shall be administered, that is for congress to determine. Thus, Congress may constitutionally limit the disposition for the public dominie to a manner consistent with its views of public policy; United-States vs. San Francisco, 310 U.S. 16, 29, 30, 60 S.Ct. 749, 84 L.ed. 1050 ( 1940).

34. Where the United States has parted with the title by a patent-legally-issued, and upon

surveys legally made by itself and approved by the proper department, the title so granted cannot be impaired by any subsequent survey made by the government for its own purpose, **Cage vs. Danks, 13 La. Ann. 128.** A patent found on a void entry and survey nevertheless passes the legal-title from the government to the patent, but the commencement of the title is the patent, **Stubblefield vs. Bogg's, 2 Ohio St. 216.** It passes to the patent everything connected with the soil, forming any portion of its bed, or fixed to its surface, in short, everything connected with the term "Land", **Moore vs. Smaw, 17 cal. 199, 79 Am. Dec. 123.**

ARGUMENT – this language is in direct relationship to the *habendum clause* in the mortgage contract that is believed to be assigned to The New York Bank and Trust Company, NA. to this particular track of land that is described in the land-patent, land-grant *Certified No. 1593* signed by the President of the United States at the time the land-patent was granted by an Act of the Congress on the *14th of April 1820* before Michigan was admitted into the Union of the United States.

That with the land-patent, the patent-holder (assignee private-property) is immune from collateral-attack, **Collins vs. Bartlett, 44 Cal. 371; Webber vs. Pere Marquette Broom Co., 62 Mich. 626; 20 N.W. 469; Surget vs. Doe, 24 Miss. 118; Green vs. Barker, 47 neb. 934, 66 N.W. 1032.** This particular Patent reaches beyond the actions of the special-tribunal of the foreign State of Michigan; and goes to the existence of a subject upon which it was competent to act, **Steel vs. Smelting Co., 106 U.S. 447.**

The controversy is in the fact that the mortgage company and its agents failed to bring the land-patent in fee simple. The fact that plaintiff did mortgage the property and the mortgage company is the holder of the property described in the mortgage note.

ARGUMENT — this is where it is alleged that the original mortgage hold and The Bank of New York Trust Company, NA actions were fraud , failing to bring the executing land-patent forward in fee-simple.

Petitioner argues that pursuant to Article IV, § 2, clause 1 Privileges and Immunities — Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States. In this matter to have a judicial hearing; and by reference under the federal Land Patent have the hearing held by a special tribunal approved by the Department of the Interior and the Bureau of

Land Management. See ***attachments judicial and non judicial states.*** Plaintiff as a Citizen in the United States is entitled to all Privileges and Immunities in the state of Michigan as if he had his private domicile in a Judicial state in the United States.

Petitioner further argues that an Act of Congress cannot override an Act of the Congress, particularly Amendment Fifth and Fourteenth as the Court's power rests entirely on the determination that a violation of the Federal Constitution had occurred as ***stare decisis***. The Laws and the Constitution of the United States are superior to that of the Anti-Injunction Act, 28, U.S.C. § 2283 and were adopted after the Constitution of the United States and The Act of Congress of the 24th of April 1820 as enacted.

Because the guarantee of due process is not a mere form, however, there obviously exists another category of cases in which the State may not deprive individual litigant of his own day in court, THE BANK OF NEW YORK TRUST COMPANY, NA  attempts to collect private funds ***distinguishing between "public" and "private" actions***.

The Government of the Union, though limited in its powers, is supreme within its sphere of action, and its laws, when made in pursuance of the Constitution, form the supreme law of the land.

There is nothing in the Constitution of the United States similar to the Articles of Confederation, which exclude incidental or implied powers.

If the end be legitimate, and within the scope of the Constitution, all the means which are appropriate, which are plainly adapted to that end, and which are not prohibited, may constitutionally be employed to carry it into effect. **McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 Wheat. 316**

In **United States v. Reese, 92 U.S. 214, 217** (decided at October Term, 1875), this Court, speaking by Chief Justice Waite, said:

"Rights and immunities created by or dependent upon the Constitution of the United States can be protected by Congress.  The form and the manner of the protection may be such as Congress, in the legitimate exercise of its legislative discretion, shall provide.  These may be varied to meet the necessities of the particular right to be protected."

In the Constitutional Construction and Interpretation, - - Principle of existing Law  - - The Best and effect of many of the provisions of the Constitution are best ascertained by bearing in mind what the law was at the time the Constitution and Amendments thereof were adopted and ratified,

Page 9 of  24

*Ex parte, Wilson*, **1885, 5 Ct. 935, 114 U.S. 422, 29 L.Ed. 89,** not as reaching out for new guaranties but as securing such as the law recognized, **Mattox vs.   U.S.,** **15 S. Ct. 337, 156 U.S. 243, 30 L.Ed. 409, ( 1805 Kan.).** The requirement of full faith and credit is to be read and interpreted in the light of well established principles of justice protected by the Constitutional provisions which it was never intended to modify or override, **Bigelow vs.   Old Diminion Copper Min., etc., Co.,   32 S.Ct. 641, 225 U.S. 111, 56 L. Ed.1009, ( Mass, 1912).**

### Summary

Plaintiff has to the best of his ability brought before this court a case involving an Act of the Congress of the 24th of April, 1820, entitled, An act making further provision for the sale of Public Lands."

### Plaintiff respectfully request this court declare the following;

Declare First – that The Bank of New York Trust Company, NA failed to uphold the Land Patent and/or argue the land-patent in the State Of Michigan 16th Judicial Circuit Court that was on file with the Macomb Register of Deeds and on file with the Bureau of Land Management *{Certificate No. 1593, 2/1/1826, Land-Patent 1593, Bureau of Land-Management-Eastern-States; 7450 Boston-Boulevard, Springfield, Virginia 22153 as dated; February 11, 2003.*

Second Declare that the State of Michigan 16th Judicial Circuit Court is not a special tribunal to hear the argument of the land-patent.

Thirdly – Declare The Bank of New York Trust Company, NA violated the plaintiff's Fifth and Fourteenth Amendments Rights Privileges and Immunities by the actions for foreclosure proceeding without notice by the (Deputy) Sheriff as a collateral-attack on the land-patent.

Fourthly — Declare The Bank of New York Trust Company, NA take a collateral- Fraud-attack on the land-patent as an infringement under patent-law.

Fifthly – Plaintiff alleges a patent-infringement section *28 U.S.C. §1338(a)* uses the same operative language as *28 U.S.C. § 1331,* the statute conferring general federal question jurisdiction, which gives the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (Emphasis added.) We said in *Christianson v. Colt Industries Operating [535 U.S. 830] Corp., 486 U.S. 800, 808 (1988), that "[l]inguistic consistency" requires us to apply the same test to determine whether a case arises under 28 U.S.C.*

*§ 1338(a) as under 28 U.S.C. § 1331.*

Clearly the Plaintiff has established the civil action arising under the Constitution, laws and Act of the Congress of the United States to invoke this courts original jurisdiction.

The Act of Congress creating the sale of public lands was under the laws and authority of the government of the United States. Plaintiff as an assignee of the original land-patent first recorded has brought forward and recorded this land-patent at the Bureau of Land Management. The Bureau of Land Management has accepted the fact the plaintiff is the holder of part of the property described in the original land-patent and is entitled to all Rights, Privileges and Immunities To have and to Hold the same together.

The Bank of New York Trust Company, NA has failed to dispute or issue challenge the land-patent in fee simple as a federal title

**WHEREFORE,** Petitioner respectfully request this court grant this application for **PETITION APPLICATION COMPLAINT FOR WRIT OF HABEAS CORPUS** *–HABETO TIBI REES TUAS.* **In civil Law. Have or take thy property to thyself, in accordance with Article III § 2, clause 1 of the Constitution of the United States and herein incorporate relief pursuant to Article I Declaration of Rights to writ of habeas corpus pursuant to "Great Writ Act" Article 1 § 9, clause 2 of the United States Constitution and herein incorporate 28 U.S.C. § 2241. The District Court has jurisdiction to hear petitioners' habeas challenges under 28 U.S.C. § 2241, which authorizes district courts, "within their respective jurisdictions," to entertain habeas applications by persons claiming property and property being held "in custody in violation of the . . . laws . . . of the United States," §§ 2241(a), Acts of the Congress of the United States and incorporate 28 U.S.C. § 2246 allowing the taking of Evidence in Habeas Proceedings as remedies in Federal courts.** Petitioner moves this court to declare that the land-patent is in fee simple.

Declare that The Bank of New York Trust Company, NA action are infringements of the land-patent.

Declare that plaintiff claim arises under *28 U.S.C. § 1331* for exclusive jurisdiction, federal question involving the *Act of the Congress of the 24th of April, 1820* and the jurisdiction of the district court was based, in whole or in part, on *28 U.S.C. section 1338* as a patent infringement case

involving a claim arising under any Act of Congress relating to the patent infringement.

Declare that Plaintiff is a qualified party with standing to litigate, a person must show, first and foremost, "an invasion of a legally protected interest" that is "concrete and particularized" and "'actual or imminent" to challenge the infringement of the land-patent pursuant to *28 U.S.C. § 1338.* To qualify as a case fit for federal court adjudication under the original jurisdiction of this United States District Court.

Declare that the land-patent in question under Certificate No. 1593. Public lands are usually subject to disposition by patent, and, upon its issuance, control over the transaction ceases and the patent can only be set aside by judicial proceedings in the courts. *Michigan Land & Lumber Co. v. Rust, 168 U.S. 589 (1897); Moore v. Robbins, 96 U.S. 530 (1877).*

The State of Michigan is a non-judicial sate of the original Union and was allowed entry on the Equal Footing Doctrine, lacking the judicial power that Michigan state has as a state in the original Union of the United States.

This brings into question of the exchange of money by the mortgage Companies to satisfy the Department of Land Management to convey, disclose to the Department of Land Management that they, the mortgage Companies are the assignees of the land in question in the Certificate No. 1593 as a true sale of property; and by section 453, Revised Statutes, full jurisdiction over the survey and sale of the public lands of the United States, and also in respect to private claims of land, is vested in the Commissioner of the General Land Office, subject to the direction of the Secretary of the Interior. *In Cragin v. Powell, 128 U.S. 691, 698, (1888).* To qualify the mortgage company to bring the land-patent forward.

**Further request for Relief** citing  The current version of § 1981 reads as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

First Plaintiff, Glenn Prentice has an unrestricted right to make and enter into contracts.

Second Plaintiff, Glenn Prentice had as a matter of Right to petition the Bureau of Land Management for the current Land-Contract.

Third Plaintiff, Glenn Prentice has the Right to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property.

Fourth Plaintiff, Glenn Prentice has the rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

Fifth Plaintiff, Glenn Prentice has complained against the due-process and equal protection violation of no personal service by the (Deputy) Sheriff of the Mortgage Foreclosure action as a patent-Infringement violate to his Rights, Privileges and Immunities in the Land-Patent Certificate No. 1593 that is a creation of an Act of the Congress of the United States.

Sixth Glenn Prentice is protected under this section from impairment by non-governmental and impairment under color of State law of which invokes this courts original jurisdiction the reached beyond that of the State of Michigan 16th Judicial Circuit Court, Macomb county, Michigan state.

It is evident that Defendant, THE BANK OF NEW YORK TRUST COMPANY, NA was attempting to hide the fact that the Land-Patent was on file with the Register of Deeds for Macomb county, Michigan state; and The State of Michigan 16th Judicial Circuit Court lacked jurisdiction to hear the argument of the Land-Patent and the infringement of the Land-Patent that is by it own nature federal question jurisdiction.

Seventh — Plaintiff, Glenn Prentice cites *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co. ,429 U.S. 363 (1977)."federal common law"* in such a way that its title to all the land in question will be established. "We hold the true principle to be this, that whenever the question

in any Court, state or federal, is whether a title to land which had once been the property of the United States has passed, *that question must be resolved by the laws of the United States*; but that, whenever, according to those laws, the title shall have passed, then that property, like all other property in the state, is subject to state legislation so far as that legislation is consistent with the admission that the title passed and vested according to the laws of the United States."

*Wilcox v. Jackson, 13 Pet. at 517. (Emphasis added.) [429 U.S. 378]*

The *Northwest ordinance 1787* was superseded by the adoption of the United States Constitution and Michigan Constitution. Admission of the State, Act of Congress, January 26, 1837 at *5 U.S. Statute at Large 144, Chapter VI* — An Act to admit the State of Michigan into the Union, upon an equal footing with the original States. *The Act of Congress of the 24ᵗʰ of April 1820,* entitled "An act making further provision for the sale of Public Lands" supersedes any interest the State of Michigan has in the property described in the Land-patent. The State of Michigan has no interest in the title to Plaintiff's, Glenn Prentice, Citizen's private property. *"federal common law" should be applied to a determination of title in this case, the term "common law" as it is used in several cases as controlling law.*

The term, the "common law" has been defined as:"the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming and enforcing such usages and customs.

"The state was bound never to interfere with the primary disposition of the soil within the state by the United States, nor with any regulation necessary for securing the title in such soil to the bona fide purchasers thereof." *Auditor General v. Williams (1892) 53 N.W. 1097, 94 Mich. 180.* See Northwest Ordinance 1787 at Article IV . The said territory, and the States which may be formed therein, shall forever remain a part of the Confederation of the United States of America."

Declare As "appropriately adapted to *28 U.S.C.§ 1338(a),*" the "well pleaded complaint" rule provides that whether a case *"arises under" patent law "* the plaintiff's statement of his own claim in the bill or declaration as set forth in his amended complaint to establish this court original jurisdiction.

Declare that plaintiff's complaint is well pleaded that federal patent law creates the cause of

action and plaintiff's right to relief depends on resolution of a substantial question of federal patent law and patent infringement..

The State of Michigan 16th Judicial Circuit Court lacks jurisdiction of this federal question jurisdiction and because THE BANK OF NEW YORK TRUST COMPANY, NA, failed to advise the court of the land-patent the judgment of this court must fall, collapse for lack of jurisdiction and the attorney for THE BANK OF NEW YORK TRUST COMPANY, NA failure to disclose this to the court could be considered as an act of FRAUD, and consider whether physical obstruction of pending judicial proceedings took place in the State of Michigan 16th Judicial Circuit Court. See under *18 U.S.C. § 401*. For a court's power to punish summarily for contempt has always been available as a sanction against the use of abusive and insulting language in a courtroom. See, e.g., *Offutt v. United States, 348 U.S. 11; Fisher v. Pace, 336 U.S. 155, 159-160; Ex parte Terry, 128 U.S. 289, 307-309.* — "Contempt is *18 U.S.C. § 401*, which provides that:"

"A court of the United States shall have power to punish by fine or imprisonment at its discretion, such contempt of its authority, and none other, as -- (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice"See **In re McConnell, 370 U.S. 230 (1962).**

The attorney for Defendant THE BANK OF NEW YORK TRUST COMPANY, NA brought forward the argument and evidence in the State of Michigan 16th Judicial Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division as the spoken words in the court room of the State of Michigan 16th Judicial Circuit Court. These spoken words are republished in this federal court.

The Petitioner respectfully requests the judges of this court to adjudicate the actual dispute between the parties, the Petitioner, Glenn M. Prentice and the United States District Court Eastern District of Michigan Southern Division and The Bank of New York Trust Company, NA. and the alleged land-patent infringement, *violation of the Fifth, Six, Eighth and Fourteenth Amendments to the Constitution of the United States.*

"The Constitution of the United States was ordained and established not by the States in their sovereign capacities, but emphatically, as the preamble of the Constitution declares, by "the people of the United States." There can be no doubt that it was competent to the people to invest the general

government with all the powers which they might deem proper and necessary, to extend or restrain these powers according to their own good pleasure, and to give them a paramount and supreme authority. As little doubt can there be that the people had a right to prohibit to the States the exercise of any powers which were, in their judgment, incompatible with the objects of the general compact, to make the powers of the State governments, in given cases, subordinate to those of the nation, or to reserve to themselves those sovereign authorities which they might not choose to delegate to either. The Constitution was not, therefore, necessarily carved out of existing State sovereignties, nor a surrender of powers already existing in State institutions, for the powers of the States depend upon their own Constitutions, and the people of every State had the right to modify and restrain them according to their own views of the policy or principle. On the other hand, it is perfectly clear that the sovereign powers vested in the State governments by their respective Constitutions remained unaltered and unimpaired except so far as they were granted to the Government of the United States."

"This Constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land, and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." **See Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304, 1 Wheat. 304 (1816).**

Petitioner, Glenn M. Prentice respectfully requests an evidentiary hearing to show cause *why The Bank of New York Trust Company, NA* should be granted the relief requested in the State of Michigan 16th Judicial Circuit Court and answer the alleges violation of Glenn M. Prentice's Fifth, Sixth and Fourteenth Amendment of the Constitution of the United States *and reversal* of the decision in the State of Michigan 16th Judicial Circuit Court.

Petitioner brings this Writ of Habeas Corpus *HABETO TIBI REES TUAS* in good faith and good cause that justice best be served who has been deprived of his constitutional Rights, personal liberties and being wrongful deprived of his property Rights under the land-patent in violation of his Fifth, Sixth, Eight and Fourteenth Amendment Right to the Constitution of the United States as the supreme law of the land in the United States.

Petitioner, Glenn M. Prentice says this is a collateral challenges to state court judgment in

the State of Michigan 16th Judicial Circuit Court of the taking of his private property without a judicial hearing; and is a termination of his liberties, rights immunities; and has suffer a deprivation, restraint of liberty shared by the public generally, **Jones v. Cunningham, 371 U.S. 236; Hensley v. Municipal Court, 411 U.S. 345,** has suffered "collateral consequences."

**Second,** petitioner argues the fact that the writ has been called an ***"equitable"*** remedy, **see, e.g., Gomez, supra, at 653-654,** does not authorize a court to ignore this body of statutes, rules, and precedents. There is no such thing in the **Law, as Writs of Grace and Favour** issuing from the Judges. **Opinion on the Writ of Habeas Corpus, Wilm. 77, 87, 97 Eng.Rep. 29, 36 (1758) (Wilmot, J.). Rather,** "courts of equity must be governed by rules and precedents no less than the courts of law." **Missouri v. Jenkins, 515 U.S. 70, 127 (1995) (Thomas, J., concurring). See also Albemarle Paper Co. v. Moody, 422 U.S. 405, 417 (1975); The Federalist No. 78, p. 528 (J. Cooke ed. 1961). See 1 J. Story, Commentaries on Equity Jurisprudence 16 (13th ed. 1886);** body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions;" of the highest safeguard of liberty. **Smith v. Bennett, 365 U.S. 708, 712 (1961),**

**See writs for ad hoc reasons,** of more formal judicial, statutory, or rules-based doctrines of law. **See, e.g., McCleskey v. Zant, 499 U.S. 467, 479-489 (1991); Barefoot, supra, at 892; Kuhlmann v. Wilson, 477 U.S. 436, 451 (1986) (plurality opinion); Sanders v. United States, 373 U.S. 1, 15 (1963); Townsend v. Sain, 372 U.S. 293, 313 (1963)** avoiding serious abuses of power by a government. **See, e.g., L. Yackle, Postconviction Remedies § 4, pp. 9-11 (1981); W. Duker, A Constitutional History of Habeas Corpus 4-6 (1980); W. Church, A Treatise on the Writ of Habeas Corpus §§ 1-46, pp. 2-40 (2d ed. 1893).**

"[T]he sovereign . . . cannot in any way be subject to the commands of another, for it is he who makes law". J. Eliot cited Baldus for the crux of the theory: majesty is "a fulness of power subject to noe necessitie, limitted within no rules of publicke Law," 1 J. Eliot, *De Jure Maiestatis: or Political Treatise of Government 15, A. Grosart ed.* 1882, and Baldus himself made the point in observing that no one is bound by his own statute as of necessity, see *Commentary of Baldus,* on the statute *Digna vox in Justinian's Code 1.* 14.4, Lectura super Codice folio 51b, Chapter De Legibus et constitutionibus, Venice ed. 1496, "nemo suo statuto ligatur necessitative".

The sovereign citizen cannot be defined as a statutory "person," lumped together in a statute with corporations or other fictitious entities. "Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, **sovereignty itself remains with the people**, by whom and for whom all government exists and acts." **Yick Wo V. Hopkins, 118 U.S. 356,370 (1886)**.          "The individual Citizen may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open her doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing therefrom beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights. Upon the other hand, the corporation is a creature of the State. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the State and the limitations of its charter. Its powers are limited by law and the United States Constitution. It can make no contract not authorized by its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the laws of its creation." *Hale v. Henkel, 201 U.S. 43, 75 (1906)*.

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and [483 U.S. 151] the cost of the suit, including a reasonable attorney's fee.18 U.S.C. § 1964(c). This relief can only be requested in the U.S. District Court for the District of Columbia.113 Cong.Rec. 17999 (1967). The American Bar Association's Antitrust Section agreed that[t]he time tested machinery of the antitrust laws contains several useful and workable features which are appropriate for use against organized crime, including the use of treble damages remedies. 115 Cong.Rec. 6995 (1969). 116 Cong.Rec. 35295 (1970), and Representative Steiger stated that he viewed the RICO civil enforcement remedy as a "parallel private . . . remed[y]" to the

Clayton Act. Id. at 27739 (letter to House Judiciary Committee).

[T]he laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. *§ 34, Judiciary Act of 1789, 1 Stat. 92, codified, as amended, at 28 U.S.C. § 1652*. But we discussed that statute not as the source of Ohio's power, but as confirmation of it where "no special provision had been made by congress," *3 Pet. at 277.*

The Supreme Court of the United States held in - - -

**Thomas v. Washington , 448 U.S. 261 (1980) - - -** STEVENS, J., lead opinion (Footnotes)

### 1. United States Constitution, Art. IV, §1:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof. **The State of Michigan is a non-judicial state under the equal footing doctrine.**

In **United States v. Reese, 92 U.S. 214, 217, (decided at October Term, 1875)** this Court, speaking by Chief Justice Waite, said:

"Rights and immunities created by or dependent upon the Constitution of the United States can be protected by Congress. The form and the manner of the protection may be such as Congress, in the legitimate exercise of its legislative discretion, shall provide. These may be varied to meet the necessities of the particular right to be protected."

See **Boswell v. Powell, 43 S.W.2d 495 (Tenn.1931).**

### 1. Officers --30.

Phrase **"in this state,"** within constitutional provision against holding more than one lucrative office at once, means **in the state government** (Const. art. 2, § 26).

**[Ed. Note. For other definitions of "In This State," see Words and Phrases.]**

Phrase **"in this state,"** within constitutional provision against holding more than one lucrative office at once, **means in the state government. Const. art. 2, § 26. Boswell v. Powell, 43 S.W.2d 495 (Tenn.1931).**

Page 19 of 24

Pursuant to the *Northwest Ordinance 1787*, an Act of Congress, July 13, 1787, of the Northwest Territorial Government, an Act of Congress, August 7, 1789, 1 U.S. Stat. Ch. VII, pp. 50-53; of an Act of Congress, May 8, 1792, 1 U.S. Stat. Ch. XLII, p. 285; and of the Enabling Acts, an Act of Congress, June 15, 1836, 5 U.S. Stat. at Large 49; of the Act of Congress, June 23, 1836, 5 U.S. Stat. at Large 59; of Michigan ordinance Submitting Alternative of the Laws of 1836, p. 57; July 25, 1836; of *Michigan Assent to Condition of Admission*, on the fifteenth day of December, eighteen hundred and thirty-six; of that in the Union of the 48 states of the United States of America; of the Original 48 states of the Union of the United States (see **In re Hohost, 150 U.S. 653 at U.S. 654 (1893), the Revised Statutes, [150 U.S. 661] applied only to inhabitants of the United States, for its words were that no civil suit should be brought**); under the Original Congress of the United States; of the Articles in addition to, and Amendments of, the Constitution of the United States of America, proposed by Congress and ratified by the Legislatures of the several States, pursuant to the fifth Article of the Original Constitution. **In re Hohorst, 150 U.S. 653 (1893) at U.S. 659**.

This patent is of great concern for my self and should be "*The matters of national concern are enumerated in the Constitution: war, taxes, patents, and copyrights, uniform rules of naturalization and bankruptcy, types of commerce, and so on. See generally U.S.Const., Art. I, § 8.*" *See Id. at 195. [514 U.S. 596].*

"*Although it is the obligation of all officers of the Government to respect the constitutional design, see Public Citizen v. Department of Justice, 491 U.S. 440, 466 (1989); Rostker v. Goldberg, 453 U.S. 57, 64 (1981), the federal balance is too essential a part of our constitutional structure and plays too vital a role in securing freedom for us to admit inability to intervene when one or the other level of Government has tipped the scales too far.*"

"*In the past, this Court in reference to (United States v. Lopez 514 U.S. 549 (1995) the Federal Government to intervene at 514 U.S. 579) has participated in maintaining the federal balance through judicial exposition of doctrines such as abstention, see, e.g., Younger v. Harris, 401 U.S. 37 (1971); Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Burford v. Sun Oil Co., 319 U.S. 315 (1943), the rules for determining the primacy of state law, see, e.g., Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), the doctrine of adequate and independent state grounds, see, e.g., Murdock v. City of Memphis, 87 U.S. 590 (1875); Michigan v. Long, 463 U.S. 1032 (1983), the whole jurisprudence of preemption, see, e.g., Rice v. Santa Fe Elevator Corp., 331 U.S.*"

*218 (1947); Cipollone v. Liggett Group, Inc., 505 U.S. 504 (1992), and many of the rules governing our habeas jurisprudence, see, e.g., Coleman v. Thompson, supra; McCleskey [514 U.S. 579] v. Zant, 499 U.S. 467 (1991); Teague v. Lane, 489 U.S. 288 (1989); Rose v. Lundy, 455 U.S. 509 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977)."*

**Wherefore, Glenn M. Prentice** has the greatest expatiations that this honorable court and judge(s)of record of the ***United States District Court for the District of Columbia*** in the District of Columbia would recognize the Constitution and laws of the United States and the positive Laws of the United States in Michigan as the supreme law of this nation.

Petitioner reserves the right to challenge the court for procedural errors. Citing — The Supreme Court of the United States has held in the matter of ***Francis v.  Henderson, 425 U.S. 536 (1976);*** and ***Fay v. Noia, 372 U.S. 391 (1963)***; and See generally W. Duker, A Constitutional ***History of Habeas Corpus 181-211 (1980)***. The more difficult question, and the one that lies at the heart of this case is:  what standards should govern the exercise of the habeas court's equitable discretion in the use of this power?, review justifies a broad construction of the cause- and prejudice test; ***Engle v. Isaac, 456 U.S. 107 (1982)***; and "dispose of the matter as law and justice require," **28 U.S.C. § 2243** *and* ; ***Rogers v. Richmond, 365 U.S. 534 (1961)*** the following  — Whatever residuum of state interest there may be under such circumstances is manifestly insufficient in the face of the federal policy, drawn from the ancient principles of the writ of habeas corpus, embodied both in the Federal Constitution and in the habeas corpus provisions of the Judicial Code, and consistently upheld by this Court, of affording an effective remedy for restraints contrary to the Constitution. Furthermore, habeas corpus has traditionally been regarded as governed by equitable principles.

Further the United States District Court for the Eastern District of Michigan Southern Division and the honorable Judge Marianne O. Battani in error, did not resolve the legal claims of Plaintiff Glenn M. Prentice —  "[I]n a suit by one in possession of real property to quiet title, or to remove a cloud on title, the court of equity may determine the legal title.  In a suit for specific performance of a contract, the court may determine the making, validity and the terms of the contract involved.  In a suit for an injunction against trespass to real property, the court may determine the legal right of the plaintiff to the possession of that property." Cf. Pomeroy, Equity Jurisprudence, 5th ed., §§ 138-221, 221a, 221b, 221d, 250.

Plaintiff, Petitioner, Glenn Prentice is in possession of the property described in the land-patent Certificate No. 1593 signed by the President of the United States at the time the land-patent was granted.

The land-patent and the true title remains in controversy and before the court could grant the Mortgage an equitable claim in this property the legal claim must be resolved. What remains in dispute is the alleged Fraud by not only the president of the Mortgage Company but all of the Mortgage Companies by not bringing the land-patent forward. See **Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959).**

Further, Plaintiff in his Brief In Support in Reply to Defendants Motion raised the issue of the evidence tried by the jury in the U.S. District Court proceeding moved requesting the court apply --- **"Rule 50** requires a court to render judgment as a matter of law when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. The standard for judgment as a matter of law under **Rule 50** mirrors the standard for summary judgment under Rule 56. Thus, the court must review all of the evidence in the record, cf., e.g., **Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587,** drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence, e.g., **Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-555.** The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255.** Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." **Pp. 149-151.** See EXHIBIT -

Further, Petitioner's relief lies in Writ of Mandamus available under the **All Writs Act, 28 U.S.C. § 1651,** to require jury trial to weigh the evidence and his legal claims before the Mortgage Company, The Bank of New York Trust Company, NA can assert there equitable claim to the property to quite the title and for possession of the property described in the land-patent.

Maintenance of the jury as a fact finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. See **Dimick v. Schiedt, 293 U.S. 474, 486 (1935).**

"[W]hen a federal statute wholly displaces the state law cause of action through complete preemption," the state claim can be removed. ***Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)***. This is so because; [w]hen the federal statute completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." ***See Aetna Health Inc. v. Davila, No. 02-1845, Argued March 23, 2004, Decided June 21, 2004, 2003-070***.

## REQUEST FOR RELIEF

**WHEREFORE**, Petitioner, Glenn Prentice respectfully requests this honorable Judge of this United States District Court for the District of Columbia accept these pleading, arguments as the plaintiff attempts to satisfy the court original jurisdiction to correct the defects in the original, and amended pleadings, as a well pleaded complaint.

**WHEREFORE,** Petitioner, Glenn Prentice, Citizen in the United States Pleads to the Constitution of the United States in Bar of the action, notwithstanding which the court and the justices of the United States Supreme Court gives judgment saying "the lawful demand of one's rights" jus prosequendi in judicio quod alicui debetur.

This is to show there can be "a case in law and equity". Arising under the Constitution to which the judicial power does extend arising under section 8 of Article 1 of the Constitution of the United States and under section 5 of the Fourteenth Amendment as well, of this "Federal civil rights cause of action" is established [p]ursant to the affirmative powers of congress, an Act of the Congress of the United States.

**WHEREFORE,** Petitioner, Glenn Prentice respectfully requests grant this relief set forth in this Writ OF HABEAS CORPUS – *HABETO TIBI REES TUAS*. In civil Law. Have or take thy property to thyself, in accordance with Article III § 2, clause 1 of the Constitution of the United States and herein incorporate relief pursuant to Article I Declaration of Rights to writ of habeas corpus pursuant to "Great Writ Act" Article 1 § 9, clause 2 of the United States Constitution and herein incorporate 28 U.S.C. § 2241.The District Court has jurisdiction to hear petitioners' habeas challenges under 28 U.S.C. § 2241, which authorizes district courts, "within their respective jurisdictions," to entertain habeas applications by persons claiming property and property being held

"in custody in violation of the . . . laws . . . of the United States," §§ 2241(a), Acts of the Congress of the United States and incorporate 28 U.S.C. § 2246 allowing the taking of Evidence in Habeas Proceedings as remedies in Federal courts.

**WHEREFORE** Petitioner, Glenn Prentice a/k/a GLENN PRENTICE demand all damages compassable under Federal Law a demand a Judgment against the Defendant for compensatory, exemplary and punitive damages from the defendant together with costs, interest and reasonable fee that are equal to that of an attorney pursuant to *42 USC § 1998.*

WHEREFORE Petitioner, Glenn Prentice a/k/a GLENN PRENTICE respectfully request this honorable Article III court remand this cause of action to the United States District Court for the District of Michigan Southern Division to reinstate the case and grant the plaintiff, Glenn Prentice the Right of Trial by the Jury as an alternative remedy at law and equitable relief.

Dated: _____ S - 5 . 08 _____

Respectfully submitted,

Glenn Prentice
c/o 37655 Palmar
Clinton Township, Michigan
(586) 770-9586
Petitioner

G
08-804
RJL

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

GLENN M. PRENTICE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE  N/P

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**DEFENDANTS**

USDC EASTERN DISTRICT OF MICHIGAN, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00804
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/8/2008
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if Administrative Agency Review or Privacy Act)

No Summons Issued

| ■ G. Habeas Corpus/ 2255 | □ H. Employment Discrimination | □ I. FOIA/PRIVACY ACT | □ J. Student Loan |
|---|---|---|---|
| ⑆ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. Labor/ERISA (non-employment)<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. Other Civil Rights (non-employment)<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. Contract<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. Three-Judge Court<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**X. ORIGIN**

● 1 Original Proceeding ┃ □ 2 Removed from State Court ┃ □ 3 Remanded from Appellate Court ┃ □ 4 Reinstated or Reopened ┃ □ 5 Transferred from another district (specify) ┃ □ Multi district Litigation ┃ □ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 2241 - Writ of habeas corpus

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ■ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   ■ NO   If yes, please complete related case form.

**DATE** 5-8-08   **SIGNATURE OF ATTORNEY OF RECORD** NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**GLENN PRENTICE**

Petitioner

vs.                                        Civil Case No: **08-804 CKK**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**MICHIGAN SOUTHERN DIV., ET AL.,**

Defendant(s).

## <u>NOTICE REGARDING BULKY EXHIBIT</u>

Pursuant to the procedures for filing documents electronically, as outlined in the previous

Order of the Court, this Notice serves as notification that an exhibits to the complaint

have been filed in paper form in the Clerk's Office. It is available for public viewing and

copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk

**Date:** May 8, 2008